On August 7, 1998, Desiree Hermann returned home at 12:30 a.m., after her curfew. Desiree is the daughter of appellant Christopher Hermann. At the time, Desiree, appellant, and Kathy Tabor, who was appellant's girlfriend, were all living together in the same apartment.
When Desiree returned home past her curfew, she brought several friends home with her. They woke up appellant and Tabor by blasting the stereo. Appellant confronted Desiree, and an argument ensued concerning her tardiness. Desiree threatened to leave, but appellant told her she could not leave because it was so late. Desiree ran to the back door, and appellant attempted to stop her from leaving.
During the argument between appellant and Desiree, Tabor became involved. Tabor told appellant to hit her instead of Desiree, and stood between the two of them. Tabor began to push appellant, and during this time, Desiree ran out the door. She went to a friend's house and called the police. Desiree then went back to her home, to wait for the police.
Upon arriving at the scene, Officer James Anderson observed many people screaming and yelling. He entered the apartment, and found appellant standing over Tabor, choking her. Tabor was on her hands and knees. Anderson ran over to appellant, and knocked him off of Tabor. He then took appellant to the floor and handcuffed him. Officer Jennifer Vinesky arrived at the scene as backup. When she went up to the apartment door, she saw Anderson holding appellant up against the wall. Tabor was screaming that she wanted appellant arrested, and that she was tired of him doing this to her.
Appellant was charged with two counts of domestic violence, in violation of R.C. 2919.25 (A). The first count alleged that he physically assaulted Desiree; the second count alleged that he physically assaulted Tabor. The case proceeded to trial in the Stark County Common Pleas Court.
At trial, Tabor claimed that appellant never choked her or touched her. She further testified she did not recall telling the police to arrest appellant and take him away. She admitted that appellant had a prior conviction of domestic violence wherein she was the victim. She further admitted that she signed a statement for the police, but claimed she did not read the document before she signed it. Desiree took the stand at trial, but refused to testify concerning the incident.
Appellant was acquitted of count one, related to Desiree, and convicted of count two, related to Tabor. In addition, the jury returned a finding that appellant had previously been convicted of domestic violence. Appellant was sentenced to seven months incarceration.
Appellant assigns a single error on appeal:
ASSIGNMENT OF ERROR
 APPELLANT'S CONVICTION ON ONE COUNT DOMESTIC VIOLENCE IS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. State v. Thompkins (1997), 78 Ohio St.3d 380, paragraph two of the syllabus. Sufficiency of the evidence is the legal standard applied to determine whether the case may go to the jury, or whether the evidence is legally sufficient to support the verdict as a matter of law. Id., at page 386. Sufficiency is a test of adequacy of the evidence. Id. Whether the evidence is legally sufficient to sustain the verdict is the question of law. Id.
Although a court of appeals may determine that a judgment is sustained by sufficient evidence, the court may nevertheless conclude that the judgment is against the weight of the evidence. Id. at 387. Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered at trial, to support one side of the issue rather than the other. Id. When a court of appeals reverses a judgment of the trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as the thirteenth juror, and disagrees with the fact finder's resolution of the conflicting testimony. Id. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction. Id.
Appellant was convicted of knowingly causing or attempting to cause physical harm to a household member, in violation of R.C.2919.25 (A). In support of his claim that the judgment is against the manifest weight and sufficiency of the evidence, appellant argues that no pictures were taken of Tabor's neck to demonstrate injury, Tabor testified that appellant never struck her or choked her, Officer Vinesky testified that she did not see appellant choking Tabor, and Officer Anderson's testimony was not credible because it was inconsistent with other evidence presented at trial.
However, Desiree Hermann testified that when she returned to the apartment after calling the police, Tabor was screaming for help. Officer Anderson, who was the first officer to arrive on the scene, found appellant choking Tabor, while Tabor was on her hands and knees. Further, both police officers heard Tabor screaming that she wanted appellant to go to jail, and that he was not going to do this to her anymore. Tabor signed a police statement, which recited what she told the police had occurred that evening.
The verdict is not against the manifest weight or sufficiency of the evidence. The jury obviously chose to believe the officer's eyewitness testimony, and Tabor's original statements to the police, over her trial testimony. This testimony was corroborated by that of the other witnesses, who testified that Tabor was screaming for help, and wanted appellant to be arrested.
The assignment of error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES